# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| S.A.P., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM BARR, *et al.*, <br><br> Defendants. | Case No.: 19-cv-3549 |

## **PARTIES' STIPULATION AND JOINT MOTION TO SET BRIEFING SCHEDULE**

The parties hereby stipulate to the following and jointly move for entry of a briefing schedule for Plaintiffs' motion for preliminary injunction.

1. Plaintiffs filed this action on November 22, 2019, challenging Defendants' issuance of policies set forth in the Guidance for Processing Reasonable Fear, Credible Fear, Asylum and Refugee Claims in Accordance with Matter of L-E-A- (Sept. 30, 2019), as well as corresponding portions of the Lesson Plan Overview: Credible Fear of Persecution and Torture Determinations that cite *Matter of L-E-A-*, 27 I. & N. Dec. 581 (A.G. 2019).

2. Every Plaintiff is in expedited removal proceedings, and several plaintiffs have received final orders of removal and are subject to immediate removal from the United States.

3. Shortly after filing their Complaint, Plaintiffs informed Defendants of their intent to move for a preliminary injunction and to amend the complaint to add two additional Plaintiffs.

4. After meeting and conferring by telephone and email, Defendants have agreed that they will not remove Plaintiffs pending the adjudication of Plaintiffs' preliminary injunction motion on the schedule proposed below. This agreement to not remove Plaintiffs includes the individuals who will be added in the amended complaint and the accompanying parents of

Plaintiffs who are minor children. The agreement is contingent on the entry of the schedule proposed by the parties here.

5. Counsel for Plaintiffs have shared the names and alien registration numbers of the individuals subject to this agreement with Defendants.

6. On November 26, 2019, Plaintiffs filed their Motion for Preliminary Injunction and Supporting Memorandum.

7. The parties have further reached agreement on a proposed briefing schedule and respectfully request the Court enter this schedule as follows:

- Defendants will file their response to Plaintiffs' Motion for Preliminary Injunction on or before December 27, 2019.
- Plaintiffs will file their reply in support of their Motion for Preliminary Injunction on or before January 10, 2020.
- Defendants will file their answer to the complaint or a motion to dismiss within 45 days of the Court's issuance of a decision granting or denying the Motion for Preliminary Injunction.

The schedule allows for the parties' careful briefing of the issues presented, and also allows time for Defendants to oppose Plaintiffs' relating of this case to *Grace v. Barr*, 18-1853 (D.D.C.), for Plaintiffs to respond to such an opposition, and for the Court to rule on the matter.

8. Defendants additionally note their position briefly as follows: Plaintiffs filed this case as "related" to *Grace v. Barr*, 18-1853 (D.D.C.) (Sullivan, J.), under Local Rule 40.5(a)(3), which provides that "Civil, including miscellaneous, cases are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve

the validity or infringement of the same patent." As Defendants will explain in their opposition to the Plaintiffs' designation of this case as related to *Grace*, the case is not properly deemed related because an appeal has been filed in *Grace*, and so it is no longer "pending on the merits in the District Court," *see Boyd v. Farrin*, No. CIV.A. 12-1893 PLF, 2012 WL 6106415, at *2 (D.D.C. Dec. 10, 2012) (Friedman, J.) ("a case cannot still be pending on the merits in the district court once an appeal has been properly taken"), and because this case and *Grace* involve different Plaintiffs, different actions by a different Attorney General, and different guidance documents issued by United States Citizenship and Immigration Services, so cannot relate to common property, involve common issues of fact, or grow out of the same event or transaction. *See, e.g.*, *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 119 (D.D.C. 2019) (Howell, J); *see also* Minute Order, July 18, 2019, *CAIR v. Trump,* 19-cv- 2117 (D.D.C.) (Moss. J.) ("Because the two cases at issue, *O.A. et al. v. Trump et al.*, 18-cv-2718 and *CAIR et al. v. Trump et al.*, 19-cv-2117, involve APA challenges to different interim final rules enacting different policies based on different administrative records, the Court has determined that they are not related for the purposes of Local Rule 40.5(a)(3).").

9.      Plaintiffs will respond to Defendants' objection to relatedness when it is presented in an appropriate motion or brief. Succinctly stated, Plaintiffs' position on relatedness is that this case presents the sort of "unusual circumstances" that justify designating a matter as related to a case from which an appeal has been taken. *Boyd v. Farrin*, No. 12-1893, 2012 WL 6106415, at *2 (D.D.C. Dec. 10, 2012). The *Grace* court continues to exercise its authority to implement the permanent injunction, and Plaintiffs' claims implicate the injunction's prohibition against "apply[ing] only the law of the circuit court where the credible fear interview occurs." *Grace v. Whitaker*, 344 F. Supp. 3d 96, 138-141 (D.D.C. 2019).

10. If the Court would deem it helpful, the parties would respectfully propose oral argument on the Motion for Preliminary Injunction at a mutually agreeable date in the last two weeks of January, or at the Court's convenience.

For these reasons, the parties stipulate to the foregoing and respectfully request that the Court enter the proposed order attached hereto.

By: /s/ Amanda Shafer Berman
AMANDA SHAFER BERMAN
Crowell & Moring LLP
1001 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel: (202)624-2500
Email: aberman@crowell.com

Counsel for Plaintiffs

/s/ Erez Reuveni (*with consent*)
EREZ REUVENI
Assistant Director
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

     I hereby certify on November 27, 2019, that, pursuant to the parties' agreement, I will serve a stamped copy of the foregoing Stipulation and Joint Motion to Set Briefing Schedule via email on the following Department of Justice counsel for the Defendants:

Erez Reuveni  
Assistant Director  
U.S. Department of Justice  
Office of Immigration Litigation, District Court Section  
P.O. Box 868, Washington, DC 20044

Dated: November 27, 2019

                                              Respectfully submitted,

                                              /s/ Amanda Shafer Berman  
                                              Amanda Shafer Berman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| S.A.P., *et al.*,<br><br>      Plaintiffs,<br><br>      v.<br><br>WILLIAM BARR, *et al.*,<br><br>      Defendants. | Case No.: 19-cv-3549 |

### **[PROPOSED] ORDER**

The parties have filed a Stipulation and Joint Motion to Set Briefing Schedule regarding Plaintiffs' Motion for Preliminary Injunction. The Court hereby **GRANTS** the joint motion, and enters the following briefing schedule:

- Defendants will file their response to Plaintiffs' Motion for Preliminary Injunction on or before December 27, 2019.

- Plaintiffs will file their reply in support of their Motion for Preliminary Injunction on or before January 10, 2020.

- Defendants will file their answer to the complaint or a motion to dismiss within 45 days of the Court's adjudication of the Motion for Preliminary Injunction.

As agreed to by the parties, the orders of removal against Plaintiffs and their accompanying parents are **STAYED** until further order of the Court.

**SO ORDERED.**

                                                                                                                                                            _____

                                                                                                                                                            United States District Judge