# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

_____

S.A.P., *et al.*

       Plaintiffs,

v.

WILLIAM BARR, Attorney General of
the United States, *et al.*,

       Defendants.

_____

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

Civil Action No. 19-cv-3549

</td></tr>
</table>

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' NOTICE OF RELATED CASE

Defendants submit this response in opposition to Plaintiffs' motion to relate this case to

*Grace. v. Barr*, No. 1:18-cv-01853 (EGS) (D.D.C.), *appeal pending*, *Grace v. Barr*, No. 19-5013

(D.C. Cir.).  The request to relate these cases should be denied.  This case and *Grace* involve

different claims, different parties, different events, and challenges to completely different agency

actions and decisions.  The cases are not related.  The Court should reject Plaintiffs' attempt to

misuse the related-case mechanism, and this case should instead be assigned under the Random

Assignment rule, Local Civil Rule 40.3(a).

Local Rule 40.5(a)(3) provides that "Civil, including miscellaneous, cases are deemed

related when the earliest is still pending on the merits in the District Court and they (i) relate to

common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or

transaction or (iv) involve the validity or infringement of the same patent."  Plaintiffs invoke only

the second of these criteria, asserting the two cases "involve common issues of fact." *See* Notice

of Related Case (ECF 2).

This Court's default rule is that cases are assigned to judges of the Court randomly.  LCvR 40.(3)(a).  "The general rule is that all new cases filed in this courthouse are randomly assigned in order to ensure greater public confidence in the integrity of the judicial process, guarantee fair and equal distribution of cases to all judges, avoid public perception or appearance of favoritism in assignments, and reduce opportunities for judge-shopping."  *Committee on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 118 (D.D.C. 2019) (punctuation omitted).  However, in narrow situations presenting strong reasons of judicial economy, the local rules provide an exception for assigning a case to a particular judge who has a related case pending.  *Id.* at 118-19.  The party seeking to invoke the exception to the random assignment rule bears a "heavy" burden of showing that the cases are "related" under the rule, "as random assignment of cases is essential to the public's confidence in an impartial judiciary."  *Id.* at 119 (punctuation omitted).  "Deviating from that foundational principle is appropriate only if the relationship between the two cases is certain."  *Id.* (punctuation omitted).

Plaintiffs fail to make this showing here.  *First* and conclusively, this case and *Grace* cannot be deemed related under Local Rule 40.5(a)(3) because *Grace* is no longer pending on the merits in this Court, but instead has proceeded to judgment on the merits, *Grace v. Whitaker*, 344 F. Supp.3d 96 (D.D.C. 2018), and is currently on appeal, *Grace v. Barr*, No. 19-5013 (D.C. Cir). For purposes of the local rule, "[e]xcept in unusual circumstances, a case cannot still be pending on the merits in the district court once an appeal has been properly taken."  *Boyd v. Farrin*, No. CIV.A. 12-1893 PLF, 2012 WL 6106415, at *1-2 (D.D.C. Dec. 10, 2012); *accord Keepseagle v. Glickman*, 194 F.R.D. 1, 2 (D.D.C. 2000) (same); *Thomas v. Nat'l Football League Players Ass'n*, 1992 WL 43121 (D.D.C. 1992) ("[T]he court has adopted a strict position that a case is not 'still pending on the merits in the District court' if it is on appeal.").  *Grace* is on appeal, and therefore

it cannot still be pending on the merits before this Court.

Plaintiffs indicate that they may argue that this case presents "'unusual circumstances' that justify designating a matter as related to a case from which an appeal has been taken" because "[t]he Grace court continues to exercise its authority to implement the permanent injunction, and Plaintiffs' claims implicate the injunction's prohibition against "apply[ing] only the law of the circuit court where the credible fear interview occurs." ECF 7 at 3 (Stipulation and Joint Motion to Set aa Briefing Schedule).  That is incorrect.  Even where the district court retains jurisdiction over the action for the purpose of enforcing the judgment or addressing ancillary matters such as attorneys' fees, a settlement agreement, or a consent decree, a case that has gone to judgment on the merits is not "pending on the merits in the district court" for purposes of Local Civil Rule 40.5. *Boyd*, 2012 WL 6106415,at *1.  "To conclude otherwise would allow plaintiffs to file related cases for years [after the older case had gone to judgment] so long as the court retained jurisdiction to consider attorneys' fees applications, to remedy violations of the consent decree or to function in other prophylactic capacities."  *U.S. v. Volvo Const. Equipment AB*, 922 F. Supp.2d 67, 68-69 (D.D.C. 2013) (punctuation omitted).  Accordingly, "the availability of remedial proceedings does not qualify as an exception to the 'general rule' that a such a case is no longer 'pending on the merits.'" *Id.*  The *Grace* injunction "does not authorize the parties to continue to litigate 'merits' issues," and so "that case is no longer 'pending on the merits.'" *Id*; *see Stewart v. O'Neill*, 225 F. Supp. 2d 16, 19-20 (D.D.C. 2002) (same); *see also  Keepseagle v. Glickman*, 194 F.R.D. 1, 2 (D.D.C. 2000) (concluding that a lawsuit was no longer "pending on the merits" where the Court retained jurisdiction "over these few matters typically reserved to courts after the approval of a settlement or entry of a consent decree"); *Doe v. Von Eschenbach*, 2007 WL 1655881 (D.D.C. June 7, 2007) (concluding that a case in which the sole outstanding motion was a request for

attorneys' fees was not "pending on the merits").  Therefore, *Grace* is no longer "pending on the merits" for purposes of Rule 40.5(c), even if the district court retains jurisdiction to remedy violations of the injunction.

Plaintiffs' contrary position is irreconcilable with basic rules concerning appeals from final judgments.  "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  The necessary conclusion from that fact is that if—as Plaintiffs claim—this case and *Grace* involve merits issues arising from this Court's injunction, then this case, like *Grace* cannot proceed until the court of appeals issues its mandate in *Grace*, returning jurisdiction over the legal issues challenged to this Court. *See, e.g.*, *Sgaraglino v. State Farm Fire & Cas. Co*., 896 F.2d 420, 421 (9th Cir. 1990) ("Upon issuance of the mandate, the case was returned to the district court's jurisdiction.").[1]  For these reasons alone, this case cannot be deemed related to *Grace*.

*Second*, even if *Grace* were still pending before this Court, this case and *Grace* do not involve common issues of fact.  The settled rule in this District that even where a party alleges to "have been injured by the same policies of defendant and in the same manner as were the plaintiffs" in the prior case, that is not enough to find the cases involve common issues of fact. *See Dakota Rural Action v. United States Dep't of Agric.*, No. CV 18-2852 (BAH), 2019 WL 1440134, at *2 (D.D.C. Apr. 1, 2019).  But Plaintiffs do not even allege injury stemming from the *same* policies

---

[1] If Plaintiffs believe their case involves an issue subject to the *Grace* injunction, their remedy, if any, is to raise that issue before the Court through counsel of record in the *Grace* matter.

or in the *same* manner as the Plaintiffs in *Grace*, nor could they.  *Grace* involved a challenge to

the Attorney General's decision in *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018), and to a Policy

Memorandum of United States Citizenship and Immigration Services (USCIS) informing its line

officers of *A-B-*.  *See Grace v. Barr*, No. 1:18-cv-1853, ECF No. 1 (Grace Complaint) at ¶¶ 2, 3,

5-9, 44-96.  This case, in contrast, does not involve *A-B-*, but instead challenges USCIS guidance

applying a different Attorney General decision, *Matter of L-E-A-*, 27 I. & N. Dec. 581 (A.G. 2019)

(*L-E-A- II*).  *See* ECF No. 1 (S.A.P. Complaint) at  ¶¶ 1-3, 60-134; *see also* S.A.P. Complaint *at*

36 (Prayer for Relief seeking order enjoining application of "all written guidance issued by DHS

and DOJ relating to *L-E-A- II*" to credible or reasonable fear proceedings).  *A-B-* and *L-E-A-*

adjudicated claims of different asylum applicants, they were issued in unrelated proceedings, and

they involved asylum claims based on different legal and factual theories.  *A-B-* concerned the

Attorney General's overruling of the Board of Immigration Appeals' decision in *Matter of A-R-C-*

*G-*, 26 I. & N. Dec. 388 (BIA 2014), in which the Board had held that "married women in

Guatemala who are unable to leave their relationship" qualified as a "particular social group," one

of the protected grounds of persecution under the asylum statute.  *L-E-A-* involves a different Board

decision, *Matter of L-E-A-*, 27 I. & N. Dec. 40 (BIA 2018) (*L-E-A-* I), concerning when "immediate

families" would constitute a cognizable particular social group.  27 I. & N. Dec. at 596-97.  In no

sense can the two cases be considered to rise from "common facts."  LCvR 40.5(a)(3); *see Trump*

*v. Committee on Ways and Means*, 391 F. Supp. 3d 93, 96 (D.D.C. 2019) (even where cases

involved same parties, they involved different legal theories and different facts, since one involved

a subpoena that had already been served on the Treasury and no subpoena had been issued in the

other case); *McGahn*, 391 F. Supp.3d at 122 (cases did not grow out of same transaction when one

involved a subpoena and refusal to testify and the other grew out of efforts to obtain grand jury

materials).

To the extent the Plaintiffs may be suggesting that these cases involve common issues of fact because both seek to enjoin the application of the Attorney General's interpretation of the asylum laws in credible fear proceedings, common "purposes" or types of claim are not "common facts" that warrant an exception to the random assignment rule. *See McGahn*, 391 F. Supp.3d at 121 ("Relation based on a litigant's purpose simply sweeps too broadly."); *Dale v. Exec. Office of President*, 121 F. Supp.2d 35, 37 (D.D.C. 2000) (cases did not involve common facts merely because they involved claims based on denial of Privacy Act requests). Hundreds of cases can be said to involve challenges to agency decisions impacting asylum law or procedures. Such a boundless theory of relatedness would create an end-run around the random assignment of cases in this or any other jurisdiction and render a nullity general rules governing jurisdiction and venue. *See Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000) (discussing Rule 40.3) ("The fundamental rationale for the general rule requiring random assignment of cases is to ensure greater public confidence in the integrity of the judicial process. The rule guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping."). This Court has rejected the notion that any claims based on a certain area of the law are "related" for purposes of its local rules. *See McGahn*, 391 F. Supp.3d at 121-22 ("[I]f a common purpose behind two actions were sufficient for relation, any person seeking records under the Freedom of Information Act (FOIA), 5 U.S.C. § 522, from a targeted agency with the same goal as another requester making requests of the same agency could relate her case, despite seeking different sets of documents, solely because both FOIA requests were made with the same goal in mind."); *see also Dale*, 121 F. Supp.2d at 37. And it has done so in cases involving precisely the claims of relatedness

advanced by plaintiffs here concerning asylum law.  *See, e.g.*, Order, September 25, 2019, *M.M.V. v. Barr*, 19-cv-2773 (D.D.C.) (Kelly, J.) ("Plaintiffs' claims here stem from Defendants' alleged decisions to issue *additional* procedures for conducting the credible-fear screening process, events that occurred after and apart from the issuance of the July 16 Rule.  This is, in the Court's view, an insufficient basis on which to conclude that the claims of the parties in each case grow out of the same event or transaction. To conclude otherwise would read the "'same event or transaction' provision too broadly, particularly in light of the strong preference courts in this District have shown in reserving the relatedness exception for only those circumstances where the relationship is 'certain' so as to ensure public confidence in the impartiality of the judiciary.") (emphasis in original); Minute Order, July 18, 2019, *CAIR v. Trump*, 19-cv- 2117 (D.D.C.) (Moss. J.) ("Because the two cases at issue, O.A. et al. v. Trump et al., 18-cv-2718 and CAIR et al. v. Trump et al., 19-cv-2117, involve APA challenges to different interim final rules enacting different policies [concerning asylum] based on different administrative records, the Court has determined that they are not related for the purposes of Local Rule 40.5(a)(3).").  Thus, any contention that the cases are related because both are about credible fear proceedings for asylum "stretches the related case rule too far."  *See McGahn*, 396 F. Supp.3d at 122.

Plaintiffs might also suggest that the Court has expended significant resources in understanding asylum law in *Grace*.  But asylum law is a broad and complex area of the law.  This case involves the question of when individual families may constitute "particular social groups," an issue with a different history and case law than the domestic violence claims at issue in *Grace*, *see, e.g.*, *Gonzales v. Thomas*, 547 U.S. 183 (2006) (reversing Court of Appeals for deciding in first instance that a family constituted a particular social group and ordering remand to the agency under ordinary remand rule).  Again, as noted, the cases involve different agency decisions and

actions and different parties, will entail review of different administrative records, will involve different issues of standing and justiciability, and will involve factual allegations that are unique to each case and do not overlap. The fact that both cases involve asylum claims generally or that some agency of the government is a defendant does not mean that there are compelling reasons of judicial economy for treating the cases as related.

For these reasons, the Defendants respectfully suggest that these cases are not related and that Plaintiffs' Notice of Relate Case should be rejected.

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

By: */s/ Erez Reuveni*
EREZ REUVENI
Assistant Director, Office of Immigration Litigation
U.S. Department of Justice, Civil Division
450 5th Street NW
Washington, DC 20530
Tel. (202) 307-4293
Erez.R.Reuveni@usdoj.gov

Dated: December 2, 2019          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this December 2, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

*/s/ Erez Reuveni*
EREZ REUVENI
Assistant Director