UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

S.A.P., *et al.*,

      Plaintiffs,

      v.

MERRICK GARLAND,[1] *et al.*,

      Defendants.

Case No.: 19-cv-3549

**JOINT STATUS REPORT**

The parties hereby submit the following joint status report.

1. Plaintiffs challenge two documents collectively referred to in summary judgment briefing as the "New PSG Guidance": (1) an undated Policy Memorandum (the "Memo") entitled *Guidance for Processing Reasonable Fear, Credible Fear, Asylum, and Refugee Claims in Accordance with Matter of L-E-A*, and (2) a 2019 "Lesson Plan." Both documents addressed the application of the Attorney General's decision in *Matter of L-E-A-*, 27 I&N Dec. 581 (A.G. 2019), in credible fear interviews conducted by asylum officers. *See generally* Complaint, ECF no. 1.

2. The 2019 Lesson Plan was enjoined in full by *Kiakombua v. Wolf*, --- F. Supp. 3d ----, 2020 WL 6392824 (D.D.C. 2020), and, therefore, is not in use. While the government has filed a *protective* notice of appeal in *Kiakombua*, *see* Justice Manual § 2-2.132,[2] a decision

---

[1] On March 11, 2021, Merrick Garland was sworn in as Attorney General of the United States, automatically substituting for former Attorney General William Barr as a party in accordance with Federal Rule of Civil Procedure 25(d).

[2] "If the time for appeal or cross-appeal is about to expire . . . and the United States Attorney has not received notice from the appropriate division of the Department as to whether an appeal is to be taken, a 'protective' notice of appeal should be filed in order to preserve the government's right

1

regarding whether to appeal in that case has not yet been made. The decision whether to appeal must ultimately be made by the Office of the Solicitor General. *See* 28 C.F.R. § 0.20(b). *See generally Kiakombua v. Mayorkas*, No. 20-5372 (D.C. Cir.).

      3.      On May 14, 2021, USCIS rescinded the challenged Memo, and added a notation to the online posting of the Memo advising, "IMPORTANT: This document contains information that is no longer current but remains on our site for reference purposes. This memorandum is revoked as of May 14, 2021." *See* https://www.federalregister.gov/documents/2021/02/05/2021-02561/creating-a-comprehensive-regional-framework-to-address-the-causes-of-migration-to-manage-migration. The updated Memo is attached as Exhibit A.

      4.      Also on May 14, Andrew Davidson, the Asylum Division Chief within USCIS, sent an email to adjudicators, including asylum officers who conduct credible fear interviews, announcing that the challenged memorandum has been revoked. *See* Exhibit B. The email states that, "the Attorney General's decision in *Matter of L-E-A-*, 27 I&N Dec. 581 (A.G. 20219) remains binding precedent." The email also recites certain passages of *Matter of L-E-A-*:

> As a reminder, pursuant to the Attorney General's decision in *Matter of L-E-A-* at 594: "In analyzing these claims [where membership in a family is the claimed basis of a particular social group], adjudicators must... ask whether that group is distinct in the society in question. If an applicant claims persecution based on membership in his father's immediate family, then the adjudicator must ask whether that specific family is 'set apart, or distinct, from other persons within the society in some significant way.' *[Matter of] M-E-V-G-*, 26 I&N Dec. [227] at 238 [(BIA 2014)]. It is not sufficient to observe that the applicant's society (or societies in general) place great significance on the concept of the family."

Ex. B (quoting *Matter of L-E-A-*, 27 I&N Dec. at 594). The email then directs asylum officers that "to the degree that any USCIS guidance, including lesson plans, is not consistent with

---

to appeal." Justice Manual § 2-2.132.

*Matter of L-E-A-*, such guidance should not be relied upon."

The parties disagree regarding the effect of these developments on this case.

## PLAINTIFFS' POSITION

Plaintiffs request that the Court proceed to expeditiously adjudicate the pending motions for summary judgment. *See* 8 U.S.C. § 1252(e)(3)(D) (requiring the Court to "advance on the docket and expedite to the greatest possible extent the disposition of any case considered under [8 U.S.C. § 1252(e)]"). The government's review process that was the subject of the Court's March 8, 2021, minute order has now concluded, and the result was that USCIS changed the form, but not the substance, of its policy regarding the expedited removal of asylum seekers presenting claims based on particular social groups comprised of their families. Specifically, what government counsel refers to as the "email guidance" published on May 14, 2021, yet again directs asylum officers, including those conducting credible fear interviews, to apply dicta from *Matter of L-E-A-* to deny persons asserting family-based particular social group claims the opportunity to pursue their claims before an immigration judge.

Plaintiffs understand that the government contends that its actions of May 14, 2021, affect the Court's jurisdiction to proceed. Plaintiffs disagree. The government cannot moot this case by making a technical change to the form of its guidance on how *Matter of L-E-A-* applies in credible fear interviews, all while continuing to apply the substance of the challenged policies in that unique context, where claimants have no opportunity to gather documentation to support their family-based PSG claims or brief them before an immigration judge.

So that the parties can more fully address the impacts, if any, of the government's recent actions on this litigation, Plaintiffs propose that the Court order Defendants to file a supplemental brief by June 2, 2021, not exceeding 10 pages, stating their position with respect to

3

the effect on this litigation of USCIS's revocation of the Memo and Chief Davidson's email to adjudicators. Plaintiffs further propose that the Court order Plaintiffs to file a responsive brief by June 16, 2021, also not exceeding 10 pages. Plaintiffs believe that the Court then should proceed to decide this case based on the comprehensive pending summary judgment briefing, as supplemented by those additional filings.

## DEFENDANTS' POSITION

Plaintiffs challenge two documents in this litigation: the Memo and Lesson Plan. Neither of those documents is in use. The Memo has been rescinded after review pursuant to a recent EO,[3] and the Lesson Plan was enjoined by the decision in *Kiakombua*. Thus, absent a successful appeal by the government in *Kiakombua*, Plaintiffs' entire lawsuit is moot. Accordingly, because the outcome of the appeal in *Kiakombua* would control whether there is a remaining issue in this case for the Court to decide, Defendants' position is that this Court should hold this case in abeyance pending the resolution of the government's appeal in *Kiakombua*. "Not only does this rationale protect the expenditure of judicial resources, but it comports with [the Court's] theoretical role as the governmental branch of last resort. Article III courts should not make decisions unless they have to." *National Treasure Employees Union v. United States*, 101 F.3d 1423, 1431 (D.C. Cir. 1996) (citing *Allen v. Wright*, 468 U.S. 737, 752 (1984).

Defendants propose the following schedule for their forthcoming motion for abeyance:

---

[3] On February 2, 2021, the President issued Executive Order 14010, which in relevant part requires the Departments of Homeland Security and Justice to "within 270 days of the date of this order, promulgate joint regulations, consistent with applicable law, addressing the circumstances in which a person should be considered a member of a "particular social group," as that term is used in 8 U.S.C. 1101(a)(42)(A), as derived from the 1951 Convention relating to the Status of Refugees and its 1967 Protocol." *See* https://www.federalregister.gov/documents/2021/02/05/2021-02561/creating-a-comprehensive-regional-framework-to-address-the-causes-of-migration-to-manage-migration. This process resulted in the review of the Memo and is ongoing, and the outcome is likely to impact this case.

- o   Defendants' motion: June 9, 2021

- o   Plaintiffs' response in opposition: June 30, 2021

- o   Defendants' reply: July 14, 2021

Fulsome briefs on whether the case should be held in abeyance will allow this Court to determine whether it is the most efficient path for the Court and the parties while the appeal in *Kiakombua* proceeds.

Plaintiffs disagree with this approach, and accuse Defendants of attempting to "moot this case by making a technical change to the form of its guidance." To the extent that Plaintiffs believe the new email guidance is unlawful, Plaintiffs, of course, may challenge it. However, it would be procedurally improper for Plaintiffs to challenge (solely in supplemental briefing)—and have the Court issue an opinion on—new guidance without amending their complaint to actually include claims against the new guidance. Thus, it is unclear exactly what purpose Plaintiffs' proposed supplemental briefing would serve. Defendants advised counsel for Plaintiffs that if Plaintiffs intended to amend their complaint to challenge the new guidance, Defendants would be willing to forgo filing a motion for abeyance at this time, and would be willing discuss a schedule for amendment of the complaint and new summary judgment briefing, and offered to agree to an extension of today's joint status report in order for Plaintiff to consider that path. The supplemental briefing that Plaintiffs propose is not a substitute for an amended complaint. Further, if supplemental briefing were appropriate, it could occur after this Court decides Defendants' forthcoming motion for an abeyance, which would clarify whether there is a need to proceed to supplemental briefing at this time.[4]

---

[4] Undersigned counsel also notes that should the Court be inclined to move forward with Plaintiffs' proposal for how the case should proceed, she will be out of the office for the week of May 31 (during which Defendants' brief would be due under their proposal), and therefore would respectfully request that Plaintiffs' proposed briefing deadlines for the supplemental briefing be

5

Furthermore, Defendants believe the fact that Plaintiffs want to challenge (without amending their complaint) the new email guidance and the request for a supplemental brief shows that Plaintiffs' claims are not truly aimed at USCIS's guidance. Initially, Plaintiffs claimed to challenge the Memo and Lesson Plan, but now they want to (improperly, via supplemental brief) challenge guidance that only recites language from *L-E-A- II*. In so doing, Plaintiffs are attempting to challenge *Matter of L-E-A II* despite their failure to challenge it within the time limit. *See* 8 U.S.C. § 1252(e)(3)(b). The new email guidance—which is approximately one paragraph long—only quotes from *L-E-A- II* and reminds officers that *L-E-A- II* is binding law—something that is beyond dispute. *See* Exhibit B; *see also* 8 U.S.C. § 1103(a)(1).

---

extended by 2 weeks.

Dated: May 19, 2021

Respectfully submitted,

| | |
|---|---|
| BRIAN M. BOYNTON<br>Acting Assistant Attorney General<br><br>WILLIAM C. PEACHEY<br>Director<br><br>EREZ REUVENI<br>Assistant Director<br><br>CHRISTINA P. GREER<br>Senior Litigation Counsel<br><br>/s/ Lauren C. Bingham<br>LAUREN C. BINGHAM<br>Senior Litigation Counsel<br>Office of Immigration Litigation<br>U.S. Department of Justice, Civil Division<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>Tel.: 202-616-4458<br>Email: lauren.c.bingham@usdoj.gov<br><br>*Attorneys for Defendants* | /s/ *Amanda Shafer Berman*<br>Tracy A. Roman (#443718)<br>Amanda Shafer Berman (#497860)<br>Jared A. Levine (*pro hac vice*)<br>Mara R. Lieber (*pro hac vice*)<br>CROWELL & MORING LLP<br>1001 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004<br>(202) 624-2500<br>troman@crowell.com<br><br>Victoria Neilson (*pro hac vice*)<br>Bradley Jenkins (#MD0110)<br>Michelle Mendez (*pro hac vice*)<br>Rebecca Scholtz (*pro hac vice*)<br>CATHOLIC LEGAL IMMIGRATION NETWORK, INC.<br>8757 Georgia Ave., Suite 850<br>Silver Spring, MD 20910<br>(301)565-4820<br>bjenkins@cliniclegal.org<br><br>*Attorneys for Plaintiffs* |