UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| S.A.P., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General, *et al.*,<br><br>Defendants. | Civil Action No. 1:19-cv-3549 |

**DEFENDANTS' MOTION FOR ABEYANCE**

Defendants respectfully request that this Court hold this case in abeyance pending the Departments of Homeland Security and Justice's ("the Departments") response to the President's February 2, 2021 Executive Order 14010 ("Executive Order") and the resolution of the pending appeal in *Kiakombua v. Wolf*, No. 20-5372 (D.C. Cir.). As explained below, the Executive Order directs the Departments to "conduct a comprehensive examination of current rules, regulations, precedential decisions, and internal guidelines governing the adjudication of asylum claims and determinations of refugee status to evaluate whether the United States provides protection for those fleeing domestic or gang violence in a manner consistent with international standards" and to "promulgate joint regulations, consistent with applicable law, addressing the circumstances in which a person should be considered a member of a 'particular social group,' as that term is used in 8 U.S.C. § 1101(a)(42)(A), as derived from the 1951 Convention relating to the Status of Refugees and its 1967 Protocol." *See* https://www.federalregister.gov/documents/2021/02/05/2021-02561/creating-a-comprehensive-

regional-framework-to-address-the-causes-of-migration-to-manage-migration. The instructions in the Executive Order bear directly on the issues before the Court in the parties' cross motions for summary judgment (ECF no. 47 and ECF no. 48). The Court should thus suspend consideration of this matter while that Department review and action is pending. *See Save Jobs USA v. Dep't of Homeland Sec.*, 942 F.3d 504, 508 (D.C. Cir. 2019) (holding a case "in abeyance, initially to allow the incoming administration to consider the case and later because the Department expected to begin the process of rescinding the rule"). An abeyance would conserve judicial resources, allow the process directed by the Executive Order to move forward, avoid further litigation, and obviate the need to address any novel legal issues this case raises.

In this case, Plaintiffs originally challenged two USCIS guidance and training documents, an undated Policy Memorandum (the "Memo") entitled *Guidance for Processing Reasonable Fear, Credible Fear, Asylum, and Refugee Claims in Accordance with Matter of L-E-A-*, and the September 2019 Credible Fear Lesson Plan (the "Lesson Plan"). *See generally*, Amended Complaint, ECF no. 16. In their Supplemental Amended Complaint, Plaintiffs have "include[d] allegations about subsequent email guidance issued after the filing of the Amended Complaint" that replaced the Memo. *See* ECF no. 63. As described in Defendants' motion for summary judgement, *see generally* ECF no. 48 at 21-40, both documents provide guidance regarding a recent binding Attorney General decision, *Matter of L-E-A-*, 27 I. & N. Dec. 581 (A.G. 2019) (*L-E-A- II*). In that case, the Attorney General abrogated in part a prior precedential decision from the Board of Immigration Appeals ("Board"), in which the Board held that the applicant's immediate family was a particular social group without conducting the necessary case-by-case analysis of the

proposed group.[1] Accordingly, the Departments of Homeland Security and Justice's "examination of … precedential decisions, and internal guidelines" and their promulgation of joint regulations relating to membership in a "particular social group" may resolve all issues with respect to Plaintiffs' challenges. Moreover, the Memo has been rescinded, and another judge in this District set aside the Lesson Plan in *Kiakombua v. Wolf*, 498 F. Supp. 3d 1 (D.D.C. 2020), and it is therefore not in use.[2]

Placing this case in abeyance will thus ensure that this Court is fully informed by the assessment and rulemaking ordered by the Executive Order and the Lesson Plan's status when this Court considers the legal issues that are pending before this Court. And given that those developments may resolve in whole or in part those legal issues, an abeyance would conserve the resources of both the Court and the parties. *See Save Jobs USA*, 942 F.3d at 508 (discussing the Court's having held the case in abeyance "because the Department expected to begin the process of rescinding the rule"). Finally, because none of the Plaintiffs suffer any actual harm at present, neither party will be harmed by an abeyance.

## BACKGROUND

I. *L-E-A- II* and USCIS Guidance and Training Materials Following *L-E-A- II.*

As described in Defendants' motion for summary judgement, *see generally* ECF no. 48 at 4-9, in 2017, the Board issued a precedential decision in which it held that the applicant's proposed particular social group (the immediate family of his father) was a legally valid particular social

---

[1] Plaintiffs did not timely file a challenge of the Attorney General's decision itself, and have represented in subsequent filings that they do not challenge the decision itself. *See generally* ECF 16, ECF NO. 47.

[2] USCIS issued a Credible Fear Lesson Plan in April 2019 and a subsequent Credible Fear Lesson Plan in September 2019. On November 17, 2020, the district court in *Kiakombua* vacated both versions of the Credible Fear Lesson Plan in their entirety.

group, based primarily on party concessions. *Matter of L-E-A-*, 27 I. & N. Dec 40, 42-43 (BIA 2017) (*L-E-A- I*). The Attorney General directed the Board to refer to him its decision in *L-E-A- I* pursuant to 8 C.F.R. § 1003.1(h)(1)(i), and, in 2019, he issued a decision abrogating in part *L-E-A- I*, reiterating that social groups defined by family membership must, like all other proposed groups, meet the criteria for valid particular social groups. 27 I. & N. Dec. at 586; *see Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014); *see also* 8 U.S.C. § 1103(a)(1) ("determination[s] and ruling[s] by the Attorney General with respect to all questions of law shall be controlling").

On July 29, 2019, USCIS advised its asylum officers in an email about the decision in *L-E-A- II* and that they were obligated to follow it. And, in an undated Policy Memorandum for USCIS employees (the "Memo"), USCIS advised its employees of *L-E-A- II*. USCIS also revised its Lesson Plan, an internal training document dated September 24, 2019, to include a discussion of family social groups and *L-E-A- II*. On May 14, 2021, USCIS rescinded the Memo that Plaintiffs challenge. *See* ECF no. 62, Exh. A. Also on May 14, the Asylum Division Chief within USCIS emailed adjudicators and announced that the challenged Memo had been revoked. *See* ECF 62, Exh. B. His email also alerted the adjudicators, including asylum officers who conduct credible fear interviews, that "the Attorney General's decision in [*L-E-A- II*] remains binding precedent" in accordance with 8 U.S.C. § 1103. *Id.*

**II.    This Litigation.**

Plaintiffs are inadmissible noncitizens who claim to fear persecution in their home countries based on their membership in certain family groups. After arriving in the United States and being placed into expedited removal, asylum officers interviewed them to assess whether they had a credible fear of persecution or torture—a threshold screening of a noncitizen's fear claim that he or she must meet before he or she may pursue the claim in further proceedings. *See* 8 U.S.C.

§ 1225(b)(1)(B)(ii); 8 C.F.R. § 208.30(e). Asylum officers determined that Plaintiffs did not establish that they had a credible fear of persecution or torture, and thereafter Plaintiffs were thus subject to removal without further hearing or review. *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(I).

Plaintiffs filed this suit, alleging that their credible fear claims were wrongly rejected based on guidance and training materials (the Memo and Lesson Plan), distributed to asylum officers by USCIS, that explained the Attorney General's binding decision in *L-E-A- II.* As relief, they sought to have this Court declare the Memo and Lesson Plan contrary to law, enter an order vacating both documents, and enjoin "Defendants from continuing to apply" the guidance and training materials relating to *L-E-A- II*. Am. Compl. Prayer for Relief. The parties subsequently each filed motions for summary judgment. ECF nos. 47, 48. Plaintiffs have also filed a Supplemental Amended Complaint that "includes allegations about subsequent email guidance issued after the filing of the Amended Complaint" that replaced the Memo. *See* ECF no. 63

**III.     *Kiakombua* and the President's February 2, 2021 Executive Order.**

On October 31, 2020, another judge of this District declared portions of the Lesson Plan unlawful and vacated the Lesson Plan in full. *Kiakombua*, 498 F. Supp. 3d 1 (D.D.C. 2020). The government filed a protective notice of appeal, but the Office of the Solicitor General has not yet decided whether to pursue an appeal of the case. *See* Justice Manual § 2-2.132;[3] *see also* 28 C.F.R. § 0.20(b); *Kiakombua v. Mayorkas*, No. 20-5372, D.C. Cir.

On February 2, 2021, President Biden issued the Executive Order, which directs the Departments to "conduct a comprehensive examination of current rules, regulations, precedential

---

[3] "If the time for appeal or cross-appeal is about to expire . . . and the United States Attorney has not yet received notice from the appropriate division of the Department as to whether an appeal is to be taken, a 'protective' notice of appeal should be filed in order to preserve the government's right to appeal."

decisions, and internal guidelines governing the adjudication of asylum claims and determinations of refugee status to evaluate whether the United States provides protection for those fleeing domestic or gang violence in a manner consistent with international standards" and to "promulgate joint regulations, consistent with applicable law, addressing the circumstances in which a person should be considered a member of a 'particular social group,' as that term is used in 8 U.S.C. § 1101(a)(42)(A), as derived from the 1951 Convention relating to the Status of Refugees and its 1967 Protocol." *See* https://www.federalregister.gov/documents/2021/02/05/2021-02561/creating-a-comprehensive-regional-framework-to-address-the-causes-of-migration-to-manage-migration.

**ARGUMENT**

**I.       An Abeyance Would Conserve Judicial Resources.**

This Court should hold this case in abeyance while the process directed by the Executive Order moves forward. All but one of Plaintiffs' claims in their Amended Complaint is moot, and that claim would be moot but for the pending appeal in *Kiakombua*, and will therefore be moot should that appeal not move forward, or be resolved.[4] Even with respect to the new claim in Plaintiffs' Supplemental Complaint regarding the new email guidance, the result of the review and joint rulemaking ordered in the Executive Order may resolve Plaintiffs' claims related to that guidance in whole or in part. While Plaintiffs do not and cannot directly challenge the Attorney General's decision in *L-E-A- II*, ECF no. 16 at ¶¶ 71-74, ECF no. 31 at n.2, ECF no. 48 at 13-14, the decision and related guidance (including the new email guidance) pertains entirely to the legal validity of "particular social groups" relating to family membership, and the review and

---

[4] Even if Plaintiffs' suggested supplemental briefing concludes, Defendants respectfully assert that the Court should grant this motion for abeyance and rule on the supplemental briefing after the review process required by the Executive Order, should a ruling be necessary at that time.

rulemaking could alter the meaning of "particular social group" in a way that would render Plaintiffs' challenges of guidance relating to *L-E-A- II* a nullity.

Critically, neither of the documents that Plaintiffs challenged in their Amended Complaint are currently in use. The Memo has been rescinded after review pursuant to the Executive Order. *See* ECF no. 62, Exh. A. Therefore, any challenge to it is moot. *Save Jobs USA*, 942 F.3d at 508. And the Lesson Plan was vacated in *Kiakombua.* Absent a successful appeal by the government in *Kiakambua*, *id.,* Plaintiffs' challenge to the Lesson Plan is also therefore moot. Accordingly, the pending resolution of the government's appeal in *Kiakombua* further warrants placing this case in abeyance. *National Treasure Employees Union v. United States*, 101 F.3d 1431 (D.C. Cir. 1999) ("Not only does this rationale protect the expenditure of judicial resources, but it comports with [the Court's] theoretical role as the governmental branch of last resort. Article III courts should not make decisions unless they have to." (citing *Allen v. Wright*, 468 U.S. 737, 752 (1984))).

Because Plaintiffs' claims relating to the Lesson Plan would be foreclosed in whole or in part if the government loses or does not pursue appeal in *Kiakombua*, and all of their claims would be foreclosed if the Departments promulgate a rule that abrogates or materially alters the Attorney General's statements regarding particular social groups in *L-E-A- II*, this Court may never even have to reach the merits of either party's motion for summary judgment. *See, e.g.*, *Wash. Alliance of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 650 F. App'x 13, 14 (D.C. Cir. 2016) (dismissing case as moot and explaining that case challenging agency regulation is "moot" when the challenged regulation is "no longer in effect"). Accordingly, a stay would promote an efficient use of judicial resources. Moreover, if the requirements for particular social groups are under review and may be modified in the near future, the Court "may never need to" "decide the merits of [this] challenge"

of the application of those requirements to claims relating to family membership. *Wheaton Coll. v. Sebilius*, 703 F.3d 551, 552 (D.C. Cir. 2012).

An abeyance also accords with the D.C. Circuit's practice to hold regulatory challenges in abeyance when a change in administration occurs, allowing the agency actors to reassess their rules and precedents after a change in administration. *See Am. Lung Ass'n v. Envtl. Prot. Agency*, 985 F.3d 914, at 937 (D.C. Cir. Jan. 18, 2021) (recognizing abeyance may be warranted in such circumstances even after a court "hear[s] argument . . . but before we issue[] a decision" when the agency "reassesse[s] its position" after a change in administration); *accord Save Jobs USA*, 942 F.3d at 508. As the D.C. Circuit has also recognized, a "change in administration brought about by the people casting their votes is a perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations. As long as the agency remains within the bounds established by Congress, it is entitled to assess administrative records and evaluate priorities in light of the philosophy of the [new] administration." *Nat'l Ass'n of Home Builders v. E.P.A.*, 682 F.3d 1032, 1043 (D.C. Cir. 2012). An abeyance to allow such a reappraisal of issues in this case accords with this principle, especially given that the President has ordered such a reappraisal.

## II. An Abeyance Will Not Harm Any Party.

An abeyance in this case does not benefit or harm either party. The Government agreed that it would not remove the Plaintiffs named in this suit while the summary judgment motions were pending before this Court. See ECF no. 46. If the Departments abrogate or alter *L-E-A- II* due to the review ordered by the Executive Order, then Plaintiffs' claims would be entirely moot. If the Departments issue joint rulemaking that is consistent with *L-E-A- II*, or if the government successfully appeals *Kiakombua* and the Lesson Plan returns to use, nothing will have changed for

Plaintiffs—the rule in *L-E-A- II* would still govern their proceedings. However, as the D.C. Circuit has explained, even were that to occur, it is "preferable as a general matter to review a set of claims in the context of an extant rather than a defunct rule." *Ass'n of Am. Physicians & Surgeons v. Sebelius*, 746 F.3d 468, 473 (D.C. Cir. 2014). And this Court can determine whether it is appropriate to proceed with resolution of the merits of the pending motions fully informed by those developments. Either way, staying proceedings ensures that the Court and the parties do not expend resources unnecessarily litigating an issue which may no longer even need resolution. And, even if continued litigation is necessary, it would be greatly informed by the upcoming developments discussed herein. Moreover, Defendants anticipate that any stay or abeyance would be brief. The Executive Order places a deadline for the decision and guidelines assessment of August 2, 2021 and a deadline for the joint rulemaking of November 1, 2021. This Court could determine whether to proceed to resolution of the merits of this case, or whether the changes moot out any ongoing controversy based on the operative pleadings, as soon as the time period outlined in the Executive Order expires.

## CONCLUSION

Thus, because the issues presented in Plaintiffs' motion for preliminary injunction and the parties' cross motions for summary judgment are closely intertwined with, and potentially will be resolved by, the pending appeal in *Kiakombua* and the joint rulemaking ordered by the Executive Order, the Court should place this case in abeyance and grant relief from all deadlines.

Dated: June 9, 2021                                  Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

*s/Lauren C. Bingham*
LAUREN C. BINGHAM
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-4458
Email: Lauren.C.Bingham@usdoj.gov

CHRISTINA P. GREER
Senior Litigation Counsel

SARAH K. PERGOLIZZI
Trial Attorney

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| S.A.P., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General, *et al.*,<br><br>Defendants. | Civil Action No. 1:19-cv-3549 |

## [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR ABEYANCE

Before the Court is Defendants' Motion for Abeyance. Having considered the motion, any opposition, and reply in support, the Court hereby GRANTS Defendants' Motion for Abeyance. The parties are directed to file a status report by November 15, 2021, after the conclusion of the period set forth in the Executive Order.

Dated: _____    _____
Hon. Rudolph Contreras
United States District Judge